FILED

04/03/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0348

DA 16-0348

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2018 MT 75N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

DAVID WAYNE MOFFETT,

Defendant and Appellant.

APPEAL FROM:    District Court of the Third Judicial District,
In and For the County of Granite, Cause No. DC 15-04
Honorable Ray J. Dayton, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Paul D. Sullivan, Measure, Sampsel, Sullivan & O'Brien, P.C., Kalispell,
Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant
Attorney General, Helena, Montana

Blaine Cooper Bradshaw, Granite County Attorney, Ben Krakowka,
Special Deputy County Attorney, Philipsburg, Montana

Submitted on Briefs:  March 7, 2018

Decided:  April 3, 2018

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 David Wayne Moffett (Moffett) appeals from the April 13, 2016 order denying his motion to dismiss for presentence delay, and the resulting April 18, 2016 sentence imposed by the Third Judicial District Court. We affirm.

¶3 On May 27, 2015, Moffett signed a Pre-Trial Agreement and agreed to plead guilty to the felony charge of Assault with a Weapon, in violation of § 45-5-213, MCA. The District Court held a change-of-plea hearing, found Moffett guilty based on his admission, and ordered a Pre-Sentence Investigation Report (PSI Report). The District Court issued its written order for the PSI Report on June 1, 2015.

¶4 On March 7, 2016, the PSI Report was filed with the District Court—285 days after the court ordered it, and with no explanation for the delay. The court set a sentencing hearing for March 23, 2016, but Moffett requested a continuance due to his attorney's scheduling conflict. Moffett also informed the District Court he intended to file a motion to dismiss his case. The District Court continued the hearing to April 13, 2016—322 days after Moffett's guilty plea.

¶5 On March 25, 2016, Moffett filed a motion to dismiss, based on the delay between the change-of-plea hearing and the sentencing. The District Court set a hearing on the

motion for April 13, 2016, and heard arguments and orally denied the motion prior to the sentencing. During the sentencing portion of the hearing, Susan Carroll, Probation and Parole Officer for the Department of Corrections, testified Moffett paid $300 per month out-of-pocket—a total of $3,000—for an alcohol-monitoring bracelet, and she recommended the court consider crediting Moffett for the expense against any fines imposed. After the April 13, 2016, hearing, the District Court issued written orders, denying the motion to dismiss and sentencing Moffett to a three-year deferred sentence in accordance with the plea agreement. The District Court did not impose a fine. This appeal followed.

¶6     We review a district court's denial of a motion to dismiss in a criminal case de novo for correctness. *State v. Betterman*, 2015 MT 39, ¶ 11, 378 Mont. 182, 342 P.3d 971 (*aff'd* ___ U.S. ___, 136 S. Ct. 1609 (2016)).

¶7     Moffett argues the State's delay in providing the PSI Report violated his due process rights. Moffett argues he was prejudiced by the sentencing delay caused by the long wait for the PSI Report, amounting to 301 days if the three-week delay caused by his attorney's scheduling conflict is counted against him. Moffett alleges he suffered prejudice because the District Court required him to participate in the "24/7 sobriety program" while he awaited sentencing, and as part of the program, he had to wear an alcohol-monitoring bracelet at his own expense for the duration of the delay.

¶8     The State points to the District Court order, where the court acknowledged the delay between the plea and sentencing was "unacceptable," but further found the only prejudice Moffett articulated was the expense of the alcohol-monitoring bracelet. The State argues

3

the District Court correctly concluded this was insufficient to establish an oppressive sentencing delay under *Betterman*. The State maintains the alcohol-monitoring bracelet "motivated [Moffett] to maintain sobriety and demonstrated to the court that he had done so, which benefited him when he was sentenced."

¶9 Under *Betterman*, we determine whether a sentencing delay is oppressive and thus violates due process by balancing two factors: the reasons for the delay and whether the delay was oppressive. *Betterman*, ¶ 32 ("Though the reasons for a delay may be less than purposeful, or the prejudice caused by the delay less than oppressive, there may still be a constitutional violation when these two considerations are balanced against one another."). To be oppressive, the delay must be substantial and demonstrative, and not speculative. *Betterman*, ¶ 37.

¶10 Here, the delay was institutional, and the prejudice Moffett suffered was the expense of a monthly fee to participate in an alcohol-monitoring program. In *State v. Maloney*, 2015 MT 227, ¶¶ 40-41, 380 Mont. 244, 354 P.3d 611, we held that an institutional delay of 241 days, mostly attributable to waiting for a PSI Report, seemed "excessive," but further determined Maloney's claim of prejudice was overly speculative, and not substantial and demonstrative. Like Maloney, Moffett also waited an excessive time for his PSI Report. However, unlike Maloney's purported prejudice of possibly receiving certain services and anxiety and concern caused by the delay, *Maloney*, ¶¶ 41-42, Moffett's prejudice of paying for 10 months of wearing an alcohol-monitoring bracelet was not speculative. Although Moffett demonstrated prejudice that was not speculative, he has not

shown that the prejudice was substantial. Therefore, Moffett has not proven that his due process rights were violated by an oppressive delay in sentencing.

¶11    We conclude that the District Court properly denied Moffett's motion to dismiss and then pronounced its sentence.

¶12    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶13    Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ DIRK M. SANDEFUR
/S/ JIM RICE
/S/ LAURIE McKINNON
/S/ BETH BAKER